# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JUAN RAMAN TORRES,

                Plaintiff,

-vs-                                                  Case No. 6:07-cv-843-Orl-22GJK

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RICHARD A. CULBERTSON'S REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. § 406(b) (Doc. No. 13)** |
| **FILED:** | **March 25, 2010** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. BACKGROUND

    On May 7, 2007, Juan R. Torres ("Plaintiff") and his counsel, Richard Culbertson, Esq., entered into a contingency fee agreement whereby Plaintiff agreed to pay counsel a fee of twenty-five percent of the total amount of past-due benefits ultimately awarded. Doc. No. 13-1. On August 28, 2007, a judgment was entered reversing and remanding this case to the Commissioner of Social Security (herein, "Commissioner" or "Defendant") for further

1

proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 12.[1] On March 11, 2010, Plaintiff's counsel received a letter indicating that the Social Security Administration ("SSA") "withheld $14,185.10, which represents 25 percent of the Plaintiff's past-due benefits for him, in anticipation of direct payment of an authorized attorney's fee." Doc. No. 13-2. On March 19, 2010, Plaintiff and his counsel agreed to a fee agreement modification with an agreed fee of $2,000.00. Doc. No. 13 at 2; Doc. No. 13-3. On March 25, 2010, Plaintiff's counsel filed a Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (the "Motion"). Doc. No. 13. Counsel states that he performed 5.8 hours on this case and requests a fee award of $2,000.00. Doc. No. 13 at 2, 4. On May 5, 2010, Plaintiff's counsel filed a Notice indicating that the Commissioner does not oppose the Motion. Doc. No. 15.

## II.  LAW

Section 406(b) provides the following in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

---

[1] Plaintiff did not seek an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA").

42 U.S.C. § 406(b)(1)(A). The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *See* 42 U.S.C. § 406(b)(2). Accordingly, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client. In *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1277 (11th Cir.2006), the Eleventh Circuit held that Section 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." *Id*. Because Plaintiff was awarded past-due benefits following remand, the Court may award attorney's fees under Section 406(b).

## III. ANALYSIS

Mr. Culbertson seeks attorney's fees of $2,000.00 as a reasonable fee. Doc. No. 13. The Commissioner does not oppose the Motion. Doc. No. 15. To evaluate an attorney's § 406(b) petition, the Court must determine whether the fee requested is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 739 (2002). The "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan,* 907 F.2d 367, 371 (2d Cir. 1990). However, "[a] fee pursuant to a contingency contract is not *per se* reasonable." *McGuire v. Sullivan,* 873 F.2d 974, 979 (7th Cir. 1989). The contingency fee negotiated by the claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent (25%) statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of

3

the claimant's attorney, or would provide a fee "so large as to be windfall to the attorney." *Wells,* 907 F.2d at 372; *McGuire,* 873 F.2d at 981; *Rodriquez v. Bowen,* 865 F.2d 739, 746 (6th Cir. 1989). A contingency fee is more likely to be reasonable the greater the risk that the claimant would not prevail. *McGuire,* 873 F.2d at 985 ("A finding of riskiness is an essential one in granting a full twenty-five percent contingent award in a social security case."). Finally, "because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht,* 122 S.Ct. at 1828 n. 17.

In *Yarnevic v. Apfel*, 359 F.Supp.2d 1363 (N.D. Ga. 2005), the Northern District of Georgia applied the following analysis:

> In determining whether a fee sought under § 406(b) is reasonable, the Court should look first to the contingent fee agreement and should then consider, *inter alia*, the character of the attorney's representation and the results achieve. The Court may also consider the hours the attorney spent representing the claimant before the Court and the attorney's normal hourly billing rate for non-contingent fee cases, but this data does not control the Court's determination of the requested fee's overall reasonableness.

*Id*. at 1363. Courts in the Middle District of Florida have adopted this analysis. *See McKee v. Commissioner of Social Security*, Case No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453 at *5 (M.D. Fla. Sept. 20, 2008); *Whitaker v. Commissioner of Social Security*, Case No. 6:06-cv-1718-Orl-18KRS, 2008 WL 4710777 at *2-3 (M.D. Fla. Oct. 23, 2008).

Mr. Culbertson attached a detailed time sheet showing that he spent a total of 5.8 hours of time on the case before this Court. Doc. No. 13-4. As a result of Mr. Culbertson's work, Plaintiff was successful on his claim. *See* Doc. No. 20. The contingent fee agreement shows

4

that Plaintiff was aware of and agreed to pay attorneys' fees equal to twenty-five percent of the total of past-due benefits to which Plaintiff was entitled. Doc. No. 13-1. Thereafter, Plaintiff and his counsel agreed to a modification of a $2,000.00 fee award. Doc. No. 13-3. Therefore, Mr. Culbertson has agreed to a lesser fee award of $2,000.00, rather than 25% of the Plaintiff's award of benefits. After reviewing the results obtained, the Motion, the contingent fee agreement, the fee modification agreement, and the time sheets, the undersigned recommends that the Court find the attorneys' fees requested are reasonable.

### III. CONCLUSION

Based on the forgoing, it is **RECOMMENDED** that:

1) The Motion (Doc. No. 13) be **GRANTED**;

2) Mr. Culbertson be authorized to charge and collect from Plaintiff the sum of $2,000.00; and

3) The Clerk be directed to close the case.

It is further **ORDERED** that Mr. Culbertson shall immediately provide a copy of this report and recommendation to Plaintiff. If Plaintiff objects to this report and recommendation, he may file an objection with the district court as set forth below.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 17, 2010.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Presiding District Judge
Counsel of Record
Unrepresented Parties